**Rex Dean PARSONS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 9499.

United States Court of Appeals
Tenth Circuit.

Dec. 20, 1967.

Rehearing Denied Jan. 30, 1968.

---

1. 26 U.S.C. § 2255.

Yale Huffman, Wheat Ridge, Colo., for appellant.

Richard T. Spriggs, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

PER CURIAM:

Appellant was convicted of obstructing the administration of justice, a violation of 18 U.S.C. § 1503, by causing a witness, one Ruth Ellen Nau, to secrete herself so as to prevent her attendance as a witness for the United States in an earlier criminal prosecution of appellant for an offense involving counterfeiting. The facts that Miss Nau did secrete herself and, by so doing, did obstruct the administration of justice in the counterfeiting case [1] are not disputed and the critical issue presented to the jury in the instant case was a consideration of the evidence pertaining to appellant's involvement in causing Miss Nau's conduct. Appellant now asserts the evidence to be insufficient to sustain his conviction and, in addition, urges the existence of trial errors warranting reversal.

Miss Nau testified under oath three times concerning the circumstances of her disappearance on March 21, 1966 from Denver, the site of appellant's trial setting on March 28, 1966, for the offense of counterfeiting, and her surrender to the United States Marshal in Denver on April 8, 1966. She first appeared before a grand jury on April 18 and testified that she left Denver on her own volition, using her own money, and that no one was involved as a participant in her acts. On August 16 she again was called before the grand jury and this time testified that she had secreted herself because of appellant's demands and threats, and had left Denver at his direction and using his money. Appellant was subsequently indicted by the grand jury and Miss Nau's testimony at the trial was substantially the same as at her second appearance before the grand jury. She freely admitted that she had lied in her first testimony stating, in effect, that she had been afraid not to.

Appellant's claim that the evidence is insufficient to warrant conviction is premised entirely upon the fact that the determination of guilt is dependent upon the credibility of Miss Nau's trial testimony. This issue of credibility was fully exploited at trial through extensive cross-examination aided by complete transcripts of her prior grand jury testimony furnished under the compulsion of Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973. And the issue was projected for the jury's consideration through very comprehensive and emphatic instructions urging the jury, in view of prior inconsistent statements, to examine the trial testimony "carefully and cautiously in making your determination as to whether the testimony here at bar is credible or not." We find no error in the trial proceedings.

Affirmed.

---

1. The trial date had to be continued. Appellant later pleaded guilty to this offense.